**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| CLIFFORD ONEAL CALVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:06-cv-643-SEB-WTL |
| | ) | |
| BRAD ELLSWORTH, SHERIFF, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Summary Judgment**

Clifford Calvin ("Calvin") was confined for a period of time at the Vanderburgh County Jail ("Jail"). Calvin alleges in this civil rights action that while confined at the Jail his federally secured rights were violated. The defendant, the former Sheriff of Vanderburgh County, seeks resolution of Calvin's claim through the entry of summary judgment based on his argument that Calvin failed to comply with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act ("PLRA").

Whereupon the court, having reviewed the pleadings, the motion for summary judgment, the response and reply thereto, and being duly advised, finds that the motion for summary judgment must be **granted.** This conclusion is based on the following facts and circumstances:

1.      A court will grant summary judgment if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

2.      The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. See *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

3.      The exhaustion requirement applies to the treatment alleged by Calvin in his complaint. *Porter,* 534 U.S. at 532 (the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). The pleadings and the evidentiary record, taken in the manner most favorable to Calvin as the non-movant, show the following:

- At the time Calvin was confined in the Jail, there was an administrative grievance procedure whereby Jail inmates could seek relief with respect to their treatment and the conditions of their confinement.

- Calvin's claims of the denial of his federally secured rights were within the scope of issues and concerns which could have been presented through the Jail's grievance procedure.

- The Inmate Handbook sets forth the grievance procedures for Jail inmates. Specifically:

    A. Inmates have a right to file a written grievance regarding their treatment or conditions with the Sheriff, Chief Deputy or Jail Commander.
    B. Inmates must file their grievance on the approved grievance form which shall be made available upon request.
    C. The completed form may be given to any detention officer.
    D. The Sheriff, Chief Deputy, Jail Commander or other designee of the Administration shall initiate an impartial investigation.
    E. The inmate shall receive written notice of the outcome of the investigation.

- Calvin failed to use or follow the Jail's grievance procedures prior to filing this lawsuit. He never requested the approved grievance form, never submitted a grievance on an approved grievance form, and never provided a completed approved grievance form to any detention officer.

  4. Calvin states in his complaint that he complied with the exhaustion requirement by talking with Jail authorities about his concerns. This statement has not been made under oath and is deficient for this reason, *see Gilty v. Village of Oak Park,* 919 F.2d 1247, 1255 n.13 (7th Cir. 1990)(explaining that statements that are "neither notarized nor made under penalty of perjury [do] not comply with Rule 56(e). . . . As such, and we can simply ignore them"), but in any event would not be sufficient to ward off summary judgment. Procedurally, "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990). Substantively, the information conveyed by the statement in the complaint is the antithesis of "strict compliance" with the exhaustion requirement of the PLRA, and falls at best in the realm of "substantial compliance," which the Court of Appeals has rejected as an explanation for non-compliance. *Lewis v. Washington,* 300 F.3d 829, 834 (7th Cir. 2002)(holding that the doctrine of substantial compliance could not be recognized as a means of satisfying the statutory exhaustion requirement).

  5. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Calvin's action should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."); *Pozo v. McCaughtry,* 286 F.3d 1022 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating").

  Judgment consistent with this Entry shall now issue.

  **IT IS SO ORDERED.**

Date: 08/22/2007

                 _/s/ Sarah Evans Barker_
                 SARAH EVANS BARKER, JUDGE
                 United States District Court
                 Southern District of Indiana